[610 NYS2d 231]

In the Matter of PHILLIP E. SHAPIRO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 14, 1994

**APPEARANCES OF COUNSEL**

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Phillip E. Shapiro,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent, Phillip E. Shapiro, was admitted to the practice of law in New York by the First Judicial Department on December 22, 1964. At all times relevant to the proceedings herein respondent has maintained an office for the practice of law within the First Judicial Department.

By motion dated November 10, 1993, the Departmental Disciplinary Committee seeks an order suspending the respondent from the practice of law forthwith based upon his failure to comply with the lawful demands of the Committee and upon substantial admissions under oath that he committed acts of professional misconduct. By cross motion dated January 3, 1994, the respondent seeks an order denying the Committee's motion to suspend him from the practice of law and granting him an extension of time to respond to the Committee's inquiries.

All of the complaints filed against the respondent arose out of his involvement in the firm of Friedman & Shapiro, P. C. The respondent was a member of that firm from April 1990 until August 1993 and became president of the corporation as well as its sole attorney in January 1992 when Friedman resigned. On April 12, 1993 the corporation filed a petition under chapter 11 of the Bankruptcy Act (USC tit 11) in the United States Bankruptcy Court for the Southern District of New York. In July 1993 the United States Trustee overseeing the bankruptcy moved to convert the chapter 11 petition into a chapter 7 petition. The court granted the trustee's motion and appointed a trustee for the corporation. The respondent represents that he ceased practicing with the corporation since being informed that the newly appointed trustee took control of the corporation's assets in August of 1993. While the respondent considered all of his powers and responsibilities with respect to the corporation to have terminated with the conversion of the petition and appointment of the trustee for the corporation, he stated that he retained responsibility for action taken before the appointment of the chapter 7 trustee.

Twelve complaints have been filed with the Committee against the respondent. Seven of these had been received by the Committee at the time it initially filed this motion to suspend the respondent. Five of these seven complaints alleged neglect of legal matters and failure to communicate

with clients. Two of the complaints alleged failure to turn over money held on behalf of clients. Each instance of failure to turn over client funds was alleged to have occurred during the year prior to the appointment of the chapter 7 trustee in August of 1993. The five additional complaints, which were filed against the respondent while this motion was pending, also allege failure to communicate with clients for several months.

The respondent has failed to submit responses to the allegations contained in the original seven complaints. We find the respondent's claims that he did not receive the complaints incredible based on his admission that for the prior 15 years he continuously resided at the address to which the Committee sent its correspondence. Consequently, it is apparent that the respondent, for almost one year, thwarted the Committee's investigation of the complaints by failing to respond to the Committee's letters. Respondent's claim that he cannot respond to the Committee's inquiries without reviewing the files and records of the client matters, which are in the possession of the bankruptcy trustee, is refuted by the affirmation of the trustee. The trustee stated that the respondent had not turned over the client files as requested. Furthermore, the respondent's inability to gain access to the files, even if genuine, does not excuse his failure to contact the Committee prior to November 1993 in order to explain the situation.

Respondent's claim that his responsibility to the firm's clients ceased upon the appointment of the bankruptcy trustee is at most a defense which the respondent may raise to the charges. That defense, even if viable, does not excuse his failure to cooperate with the Committee. In addition, it is clear that the respondent failed to fulfill his duty to advise the firm's clients of the firm's condition so that they could act accordingly. The record shows that the respondent cut off communication with the firm's clients many months prior to the appointment of the trustee.

Based upon the respondent's failure to cooperate with the Committee's investigation and his admissions under oath that he abdicated all responsibility to the firm's clients and cut off all communication with them, we find that the respondent should be suspended from the practice of law, effective immediately.

Accordingly, the motion of the Departmental Disciplinary Committee pursuant to 22 NYCRR 603.4 (e) (1) (i) and (ii) is

granted and the respondent is suspended from the practice of law, effective immediately, until further order of this Court, respondent's cross motion is denied in all respects, and it is directed that an attorney be appointed pursuant to 22 NYCRR 603.13 (g) to protect the interests of the firm's clients.

MURPHY, P. J., ROSENBERGER, ROSS, RUBIN and WILLIAMS, JJ., concur.

Motion granted and respondent suspended from practice, effective immediately, until the further order of this Court, and an attorney appointed to inventory respondent's files as indicated in the order of this Court.